IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| RADLEY BRADFORD, individually and on behalf of all others similarly situated,<br><br>   *Plaintiff*,<br><br>v.<br><br>MEDICAL EXPRESS, INC., a Texas corporation,<br><br>   *Defendant*, | Case No. 4:23-c.v.-2168<br><br>CLASS ACTION COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

## CLASS ACTION COMPLAINT

Plaintiff Radley Bradford ("Plaintiff Bradford" or "Bradford") brings this Class Action Complaint and Demand for Jury Trial against Defendant Medical Express, Inc. d/b/a Medical Express PSI ("Defendant" or "Medical Express PSI") to stop the Defendant from violating the Telephone Consumer Protection Act by placing pre-recorded calls without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Bradford, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### PARTIES

1. Plaintiff Radley Bradford is a resident of Houston, Texas.

2. Defendant Medical Express PSI is a Texas corporation headquartered in Austin, Texas. Defendant Medical Express PSI conducts business throughout this District and throughout Texas.

**JURISDICTION AND VENUE**

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant does business in this District and makes calls into this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Plaintiff resides in this District and the wrongful conduct giving rise to this case was directed by Defendant into this District.

**INTRODUCTION**

6. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of*

*Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 5.0 billion robocalls were placed in March 2023 alone, at a rate of 161.1 million per day. www.robocallindex.com (last visited April 16, 2023).

11. The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Defendant Medical Express provides orthotics, prosthetics, medical equipment and more to clients in Texas, Oklahoma and Louisiana. Medical Express PSI is the division of Medical Express that facilitates health insurance billing.[3]

15. Defendant Medical Express PSI places debt collection calls to consumers on behalf of companies such as Gazelle Healthcare Solutions, as per Plaintiff's experience.

16. Defendant Medical Express PSI places pre-recorded telemarketing calls to collect on debts, oftentimes without the appropriate consent necessary to place such calls.

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/medical-express-psi/about/

17. Consumers have posted complaints and reports online claiming that they also received unwanted pre-recorded calls from Defendant Medical Express PSI, including:



18. Other consumers captured pre-recorded calls they received from Defendant Medical Express PSI on the website Youmail.com:

---

[4] https://callfilter.app/18442137309

**Typical Messages**

🔊 Hello this is a courtesy call regarding your most. Hello this is a courtesy call regarding your most recent statement from Mont Health. Please contact the patient care representative by dialing 833-851-8335. Again our telephone number is 833-851-8335. Our hours of operation are Monday through Thursday 8:00 AM to 6:00 PM and Friday 8:00 AM to 5:00 PM. Thank you.

▶ ○─────────────────────────

🔊 Please press one now to connect to a patient care representative. You may also speak to a patient care representative by dialing 833-851-8332. Our hours of operation are Monday through Thursday 8:00 AM to 6:00 PM and Friday 8:00 AM to 5:00 PM. Thank you. Hello this is a courtesy call regarding your most recent statement from Caldwell medical Center and Associates. Please press one now to connect to a patient care representative. You may also speak to a patient care representative by dialing 833-851-8332. Our hours of operation are Monday through Thursday 8:00 AM to 6:00 PM and Friday 8:00 AM to 5:00 PM. Thank you.

▶ ○─────────────────────────

🔊 Hello this message is intended for Mr. ... this is a courtesy call from Medical Express efi(?) regarding your recent statement. If you have questions regarding your statement or wish to take advantage of our pay by phone options please contact the patient care representative at five.   [5]

19.     Defendant does not procure the appropriate consent before sending prerecorded collection calls to consumers.

20.     In response to these calls, Plaintiff Bradford brings this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, and an award of statutory damages to the members of the Class and costs.

### PLAINTIFF BRADFORD'S ALLEGATIONS

21.     Plaintiff Bradford received a notice in the mail from Defendant Medical Express PSI with a statement date of March 1, 2023. The notice claims that Plaintiff Bradford owes an outstanding payment for a lumbar orthosis device.

---

[5] https://directory.youmail.com/phone/844-213-7309

6

22. Plaintiff Bradford had been advised by a representative for Gazelle Healthcare Solutions that the full payment for the device would be covered by Aetna Medicare, Plaintiff's insurance provider.

23. Plaintiff Bradford ignored the mail notice, believing that it was sent in error.

24. On March 23, 2023 at 1:04 PM, Plaintiff Bradford received a call from Defendant Medical Express PSI, from 844-213-7309 to his cell phone number. Plaintiff did not answer this call, but a pre-recorded voicemail was left on his cell phone:



25. Plaintiff Bradford believes that the voicemail was pre-recorded due to the use of a robotic-sounding voice, unnatural pauses in the speech, such as when stating the name Medical Express PSI and when providing the callback phone number. In addition, Plainitff Bradford received 3 subsequent voicemails, all of which are identical to the 1st voicemail.

26. Phone number 844-213-7309 is owned and operated by Defendant Medical Express PSI, as per the website personapay.com:

> Call our Patient Care Representatives
>
> **844-213-7309** [6]

27. On March 28, 2023 at 2:09 PM, Plaintiff Bradford received a 2nd call from Defendant Medical Express PSI to his cell phone from 844-213-7309. This call was not answered, but a pre-recorded voicemail was left on his phone. This voicemail is identical to the voicemail received on March 23, 2023:

---

[6] https://www.personapay.com/medexpresspsi/login



28.     On April 14, 2023 at 12:58 PM, Plaintiff Bradford received a 3rd call from Defendant Medical Express PSI to his cell phone from 844-213-7309. This call was not answered, but a pre-recorded voicemail was left on his phone. This voicemail is identical to the voicemails received on March 23, 2023 and March 28, 2023:



29. On April 18, 2023 at 1:11 PM, Plaintiff Bradford received a 4th call from Defendant Medical Express PSI to his cell phone from 844-213-7309. This call was not answered, but a pre-recorded voicemail was left on his phone. This voicemail is identical to all of the previous voicemails that Plaintiff received:



30. Plaintiff never provided consent for Defendant Medical Express PSI to place pre-recorded calls to his cell phone number.

31. The unauthorized telephone calls that Plaintiff received from or on behalf of Defendant has harmed Plaintiff Bradford in the form of annoyance, nuisance, and invasion of privacy, occupied his phone memory, and disturbed the use and enjoyment of his phone.

32. Seeking redress for these injuries, Plaintiff Bradford, on behalf of himself and Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

33. Plaintiff Bradford brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

**Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) the Defendant called on their cellular telephone number (2) using an artificial or pre-recorded voice.

34. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Bradford anticipates the need to amend the Class definition following appropriate discovery.

35. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

36. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

> (a) whether Defendant placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;
>
> (b) whether the calls constitute a violation of the TCPA;
>
> (c) whether members of the Class are entitled to treble damages based on the wilfulness of Defendant's conduct.

37. **Adequate Representation**: Plaintiff Bradford will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Bradford has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Bradford and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Bradford nor his counsel have any interest adverse to the Class.

38. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Bradford. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

<u>**FIRST CLAIM FOR RELIEF**</u><br>
**Telephone Consumer Protection Act**<br>
**(Violation of 47 U.S.C. § 227)**<br>
**(On Behalf of Plaintiff Bradford and the Pre-recorded No Consent Class)**

39. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

40. Defendant transmitted unwanted telephone calls to Plaintiff Bradford and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

41. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

42. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all pre-recorded calling activity that is done without proper consent, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Bradford requests a jury trial.

**RADLEY BRADFORD**, individually and on behalf of all others similarly situated,

DATED this 13rd day of June, 2023.

By: /s/ *Jason Johnson*

Jason Johnson (Federal Bar No. 2561082, TX Bar No. 24065502)
Terrel Law Group
Jjohnson@terrellawgroup.com
6588 Corporate Drive #200
Houston, TX 77036
Telephone: 281-888-9708

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

* *Pro hac vice forthcoming*

*Attorneys for Plaintiff and the putative Class*